UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CAMERON DENNIS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | Civil Action No. |
| v. | * | |
| | * | JURY DEMAND |
| MOODY GARDENS, INC., | * | |
| VARSITY BRANDS, LLC, and | * | |
| SPECIALTY SUPPLY & | * | |
| INSTALLATION, LLC | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**I.**

The Complaint of CAMERON DENNIS, a person of the full age of majority and a domiciliary of the Parish of Terrebonne, State of Louisiana, is brought for damages due to personal injury sustained by Cameron Dennis as follows, to-wit:

**II.**

Jurisdiction is vested in this Honorable Court by 28 U.S.C. §§ 1332(a)(1), as the matter in controversy herein exceeds $75,000.00 and is between the citizens of different states.

III.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as all or a substantial part of the events or omissions giving rise to the claims presented herein occurred in this district.

IV.

Made defendants herein are:

a) MOODY GARDENS, INC., a corporation organized under the laws of the State of Texas, with its principal place of business located in Galveston, Texas;

b) SPECIALTY SUPPLY & INSTALLATION, LLC, a limited liability company organized under the laws of the State of Texas, with its principal place of business located in Conroe, Texas; and

c) VARSITY BRANDS, LLC, d/b/a AMERICAN CHEER POWER, a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in Memphis, Tennessee.

V.

At all times material hereto, Defendant MOODY GARDENS, Inc., sometimes hereinafter referred to as "Moody Gardens", owned and operated the Moody Gardens Convention Center located in Galveston, Texas.

VI.

The Defendant VARSITY BRANDS, LLC. d/b/a AMERICAN CHEER POWER, sometimes hereinafter referred to as "Varsity", entered into an agreement with the Defendant MOODY GARDENS, INC. to host its cheerleading competition known as the "2016 Cash Bash" in January of 2016 at the Moody Gardens Convention Center.

### VII.

As a part of the terms and the specifications of the agreement by and between "Varsity" and "Moody Gardens", "Varsity" was to have the use of the premises, along with portable bleachers to be used by spectators at the event.

### VIII.

On January 5, 2016, Defendant SPECIALTY SUPPLY & INSTALLATION, LLC, sometimes hereinafter referred to as "Specialty Supply", installed portable bleachers in the Moody Gardens Convention Center, pursuant to a contract with Moody Gardens, for use by spectators at the cheerleading competition known as the "2016 Cash Bash".

### IX.

On or about January 9, 2016, Plaintiff CAMERON DENNIS purchased a one day pass at the door and attended the "2016 Cash Bash" as a ticketed spectator. As a ticketed spectator, Plaintiff enjoyed the status of invitee while attending the event.

### X.

On that date and as a ticketed spectator at this event, Plaintiff CAMERON DENNIS was seated in one of the performance halls on the portable bleachers provided for that purpose.

### XI.

At approximately 4:00 p.m., Plaintiff CAMERON DENNIS left his seat on the portable bleachers to exit the performance hall. He made his way to what appeared to be the aisle between the sections of the portable bleachers, which aisle had been used by his party to reach their seats sometime earlier. While attempting to make his way down to the floor, he suddenly lost his balance and was thrown to the floor on the bleacher risers.

XII.

Subsequently, Plaintiff learned that his left foot had slipped into a gap at the join between two sections of the portable bleachers and become lodged there, causing him to lose his balance and fall.

XIII.

As a proximate result of the above described events, Plaintiff suffered a severe sprain of his right ankle and multiple fractures of his left ankle, as well as multiple lacerations, contusions and soft tissue injuries to the muscles of his feet, legs and back.

XIV.

As a result of his injuries, Plaintiff was required to undergo surgery to treat the injuries to his left ankle.

XV.

As a further proximate result of the above described events, Plaintiff has incurred medical expenses for medical, hospital, nursing and pharmaceutical treatment of his injuries in the approximate sum of $13,116.54, together with other medical expenses which may be shown at trial.

XVI.

As a further proximate result of the above described events, Plaintiff was unable to work and suffered a loss of income in the approximate sum of $100,000. Due to the injury to his ankles, Plaintiff has been unable to return to work as a CDL driver and has been forced to obtain employment at a reduced rate of compensation, thereby suffering an additional loss of past, present and future earnings.

## XVII.

As a further proximate result of the above described events, Plaintiff has suffered and continues to suffer physical pain and suffering, mental anguish and physical impairment.

## XVIII.

As the owner and operator of the Moody Gardens Convention Center, Defendant "Moody Gardens" had a legal duty to use ordinary care to protect invitees such as Plaintiff Cameron Dennis from all those risks of which defendant was actually aware, and from those risks of which defendant should have been aware upon reasonable inspection.

## XIX.

As the promoter and operator of the "2016 Cash Bash", defendant "Varsity" had a legal duty to use ordinary care to protect invitees such as Plaintiff Cameron Dennis from all those risks of which defendant was actually aware, and from those risks of which defendant should have been aware upon reasonable inspection.

## XX.

Defendants "Moody Gardens" and "Varsity" knew or should have known, in the exercise of ordinary and reasonable care for the safety and protection of invitees such as Plaintiff Cameron Dennis, that the condition of the portable bleachers posed an unreasonable risk of harm to spectators like plaintiff in that the join of the sections of the bleachers was void of seating and gave the appearance of an aisle which spectators would naturally tend to use to enter and exit the seating provided in the bleachers; and in that the join contained gaps which posed a serious and unreasonable risk of tripping persons using the area to enter or exit the seats.

## XXI.

As the contractor hired to install portable bleachers in the Moody Gardens Convention Center for the use of spectators at the "2016 Cash Bash", defendant "Specialty Supply" had a legal duty to those spectators to use ordinary care in the installation of the bleachers.

## XXII.

Plaintiff's injuries were proximately caused by one or more of the following acts of negligence on the part of one or more of the defendants –

a) Failure to install the portable bleachers in a reasonably safe manner;

b) Failure to comply with all applicable rules, regulations and/or ordinances governing the installation of temporary structures for use by invitees in an event open to the public;

c) Failure to use appropriate plating, finishing, and/or covers of the join of the sections of the temporary bleachers in order to close the gaps in the join;

d) Failure to inspect the temporary bleachers and discover the unreasonable hazard posed by the gaps in the join of the sections of the bleachers;

e) Failure to warn the spectators of the hazard posed by the gaps in the join of the sections of the bleachers; and/or

f) Failure to take any measures to prevent use of the void in the seating in the place where the sections of the bleachers were joined as a manner of ingress and/or egress to the seats provided for spectators by means of signs, barriers, ropes or warnings.

## XXIII.

Plaintiff's damages exceed $75,000.00 and thus Plaintiff is entitled to trial by jury.

**WHEREFORE,** Plaintiff CAMERON DENNIS respectfully prays that the defendants be cited to appear and answer this Complaint, and that after due proceedings are had herein, there

be judgment rendered herein in favor of the Plaintiff and against all defendants, jointly severally and *in solido*, or as their liabilities may ultimately be determined, in an amount sufficient to compensate Plaintiff for the injuries complained of herein, together with any and all further legal and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

**LAW OFFICES OF JOSEPH C. BARTELS**

By: _____
Joseph C. Bartels, TSBA #00790176
3900 Canal Street
New Orleans, La. 70119
(504) 482-2900
Fax: (504) 482-1900
Email: joeb@jcbartels.com